WINDSOR COUNTY,

FEBRUARY TERM, 1838.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,
" SAMUEL S. PHELPS, } *Assistant Justices.*
" ISAAC F. REDFIELD,

THOMAS EMERSON *v.* FRANCIS P. TORREY and THOMAS DUDLEY, JR.

Defendants executed a bond, to indemnify plaintiff against all claims, &c., due from the firm of E., T., & D. The firm executed notes to the firm of E. & L., at Boston, and failed to pay them at maturity;—Held, that plaintiff might pay the notes, and recover on his bond, and his being a member of both firms did not vary the liability of defendants.

Held, also, that where E. & L. charged the notes to the private account of E., with his consent, and gave them up to E., it was a payment of the notes, as it respected E., T., & D.

THIS was an action of debt upon a bond. The pleadings are set forth in the opinion of the court.

The plaintiff was a member of the firm of Emerson, Dudley & Torrey, and of the firm of Emerson & Lamb. It appeared from the deposition of Thomas Green, that the firm of Emerson & Lamb, on the 20th Nov. 1835, held certain notes against Emerson, Dudley & Torrey, which were overdue and unpaid, and that they were afterwards, on that day, paid by the plaintiff, by being carried to his private account, on the books of Emerson & Lamb, and were, on the same day,

transmitted to the plaintiff; and that, on the 23d Nov., he received them, and assented to the charge.

The county court charged the jury, that, upon this evidence, if believed, the plaintiff was entitled to recover, and the jury returned a verdict accordingly.

C. Coolidge, for defendants.

1. The plaintiff, at the time he instituted this suit, had not been compelled to pay, within the true construction of the bond.

2. He did not so pay as to entitle himself to this action.

Aikens & Egerton, for plaintiff.

The money was paid by the plaintiff, to the use and for the benefit of the defendants, and in discharge of a liability which, as between them and the plaintiff, the defendants were bound to meet, and the plaintiff thereby became entitled to the remedy, which he is now pursuing, to recover his money back. Hogaboom v. Herrick, 4 Vt. R. 135. Ford v. Keith, 1 Mass. R. 139. 1 Selwyn's . N. P. 67. Mauri v. Heffernan, 13 Johns. R. 75. Hayden v. Cabbot, 17 Mass. R. 169, 173.

The defendants assumed, not only to indemnify the plaintiff, against the claims and demands of the partnership, but to save him harmless from " all liabilities whatever," on these demands; and, to save the condition of the bond, the defendants must have paid the notes in question, at the time when they respectively fell due, so that no " liability," to pay them, should have accrued against the plaintiff. This was not done. The plaintiff's liability accrued as soon as the pay-day had passed by, and the condition of the bond was then broken, and the plaintiff's right of action thereupon accrued. Adms. of Pond v. Warren, 2 Vt. R. 533. St. Albans v. Curtis, 1 D. Chip. R. 167. Jones v. Cooper, 2 Aik. R. 57.

The opinion of the Court was delivered by

Williams, Ch. J.—This case comes before us, on exceptions to the charge of the county court. The declaration is on a bond, conditioned that the defendants should indemnify the plaintiff against all claims and demands, due from the copartnership of Emerson, Torrey & Dudley, and save him harmless from all losses and casualties, whatever, in and about said concern, and from all liabilities, whatever. The

plea is *non damnificatus.* The replication sets forth, that the firm of Emerson, Torrey & Dudley executed several notes to Emerson & Lamb, trading at Boston, did not pay them at maturity, and that the plaintiff, to save his credit, and to discharge himself from the notes before mentioned, was compelled to pay, and did pay the several notes aforesaid. These facts are denied in the rejoinder. The evidence, as stated in the bill of exceptions, including the deposition of Mr. Green, was given to the jury, and the court charged them it was sufficient, if believed, to maintain the issue, on the part of the plaintiff.

As the defendants were under obligation to indemnify the plaintiff from all claims against the partnership of Emerson, Torrey & Dudley, and from all liabilities, it was their duty to see that the notes were paid at maturity. If the notes were not paid, the plaintiff, if he was only a surety, was at liberty to pay them, and resort to his bond. The notes were dishonored, by being permitted to remain overdue. The plaintiff might then pay them, and was under no obligation to wait until compelled by course of law.

It could make no difference that the plaintiff was a member of both firms. Emerson, Torrey & Dudley were indebted to Emerson & Lamb. The former firm, as it respects these notes, were under the same obligation to pay them, as they would have been, if the plaintiff had not been a member of the latter firm. If he paid the notes, he could resort to his bond, which was intended to compel the other members of the firm to pay their debts, and discharge him.

As to the payment; the evidence is, that, on the 20th of November, the notes were charged to the private account of the plaintiff, by Emerson & Lamb, and transmitted to him; that, on the 23d of November, he assented to the charge, received the notes, claiming to have paid them, and directed this suit. We consider this, as it respects both the plaintiff and defendants, a complete payment. The plaintiff could not contest it with Emerson & Lamb, as the amount had become a private claim against him, with his consent, implied by his receiving the notes. Emerson & Lamb could not deny it, as they had charged the notes to the plaintiff, and

Windsor,
February,
1838.

Emerson
*v.*
Torrey &
Dudley.

Emerson
v.
Torrey &
Dudley.

transmitted them to him, as paid. The two points in issue were, therefore, fully made out by the evidence, and the charge of the county court was correct.

The judgment is affirmed.